UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and<br><br>THE STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>LPG LAND & DEVELOPMENT CORPORATION,<br><br>　　　　　　　　Defendant. | Civil Action No.  1:21-cv-33 (Kleeh) |

## UNOPPOSED MOTION TO ENTER CONSENT DECREE

Plaintiffs the United States of America ("United States") and the State of West Virginia, by and through the West Virginia Department of Environmental Protection ("WVDEP"), move the Court to approve and enter the proposed Consent Decree that was lodged with the Court on August 2, 2021.  ECF No. 10-1 ("Proposed Consent Decree").  Plaintiffs and Defendant LPG Land & Development Corporation ("LPG") have executed the Proposed Consent Decree, and no party opposes its entry by the Court.  In support of this motion, Plaintiffs state as follows:

　　　　1.　　On March 8, 2021, the United States and the State filed a Complaint seeking civil penalties and injunctive relief for LPG's alleged violations of Sections 301(a) and 404 of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a) and 1344, and Section 8 of the West Virginia Water Pollution Control Act ("WPCA").  ECF No. 1 at 1–2.  Plaintiffs alleged that LPG discharged pollutants – including fill material, storm water associated with construction activity,

and chemical cleaning agents, surfactants, and/or grease products – into waters of the United States and waters of the State of West Virginia from point sources at the Mon Fayette Industrial Park ("Site") in Morgantown, Monongalia County, West Virginia. *Id.* Plaintiffs further alleged that LPG was in violation of the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued by West Virginia pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, and Section 8 of the WPCA, W. Va. Code § 22-11-8. ECF No. 1 at 1–2.

2. The parties engaged in long-running settlement discussions prior to the filing of the Complaint, focused principally on the issues of injunctive relief and civil penalties. The parties continued settlement negotiations after filing of the Complaint. A component of the parties' settlement discussions both prior to and after filing of the Complaint was LPG's assertion that it has a limited ability to pay a civil penalty. As discussed further below, LPG satisfactorily demonstrated to Plaintiffs that it would be unable to pay a penalty of the amount that Plaintiffs believe would otherwise be appropriate for the alleged violations. Resolving that issue allowed the parties to negotiate appropriately-tailored on-Site restoration and off-Site mitigation, among other issues, and ultimately reach a comprehensive settlement.

3. On August 2, 2021, Plaintiffs lodged the Proposed Consent Decree. ECF No. 10-1. The Proposed Consent Decree, if approved and entered by the Court, would fully resolve all of the claims in the Complaint.

4. A district court should approve a consent decree if the agreement "is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *L.J. v. Wilbon*, 633 F.3d 297, 311 (4th Cir. 2011) (citing *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999)) (internal quotations omitted); *see Sierra Club v. Powellton Coal*

*Company, Inc.*, No. 2:08-01363, 2010 WL 4791590, at *2 (S.D. W. Va., Nov. 18, 2010). When considering whether to enter a proposed consent decree, district courts "should be guided by the general principle that settlements are to be encouraged." *Id.* Where, as in this case, "the government and the alleged polluter enter into a consent decree designed to cure violations of the CWA, courts 'must be particularly deferential to the [government] agency's expertise.'" *Sierra Club v. ICG Eastern, LLC*, 833 F. Supp. 2d 571, 578 (N.D. W. Va. 2011) (quoting *Piney Run Pres. Ass'n v. County Comm'rs of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008)); *see also United States v. City of Welch*, No. 11-647, 2012 WL 385489, *2 (S.D. W. Va. Feb. 6, 2012) ("'The presumption in favor of settlement is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency specially equipped, trained, or oriented in the field. EPA is such an agency.'" (quoting *United States v. Cannons Eng'g Corp.*, 720 F. Supp. 1027, 1035 (D. Mass. 1989), *aff'd*, 899 F.2d 79 (1st Cir. 1990))).

    5.    The Proposed Consent Decree is fair, adequate, reasonable, and in the public interest for the following reasons:

    a.    The Proposed Consent Decree is procedurally fair because it is the product of arms-length adversarial negotiations. The parties were advised by counsel and had the opportunity to evaluate the strengths and weaknesses of each other's cases. The parties negotiated the Proposed Consent Decree in good faith, in lieu of expending further resources on protracted litigation.

    b.    The Proposed Consent Decree is substantively fair because the civil penalties appropriately account for LPG's demonstrated limited ability to pay while also ensuring that LPG receives no economic benefit from its violations. LPG

submitted financial information, which was reviewed by financial analysts at EPA and a third-party consultant retained by the United States. Through this review process, the United States has determined that LPG has a limited ability to pay a civil penalty in this matter. *See* Proposed Consent Decree ¶ 27; *see also* ¶ 29 (LPG's certification that the financial information it provided to the United States "fairly, accurately, and materially" set forth its financial circumstances). Under the Proposed Consent Decree, LPG will pay a total civil penalty of $125,000, with half payable to the United States and half payable to the State. *Id.* ¶ 20. In additional consideration of LPG's limited ability to pay, its payments to the United States and the State may be accomplished over a three-year period, with interest, following entry of the Proposed Consent Decree. *Id.* ¶¶ 21, 24 (specifying payment amounts and deadlines within the three-year period). The civil penalty is within LPG's ability to reasonably afford, yet also significantly less than its potential civil liability for the alleged violations. *See id.* ¶ 27. As such, the Proposed Consent Decree strikes a fair balance between mandating a civil penalty that is less than it would otherwise be but for LPG's limited ability to pay, but still "large enough to hurt." *United States v. Envtl. Waste Control, Inc.*, 710 F. Supp. 1172, 1244 (N.D. Ind. 1989) (stating that the penalty amount should be sufficient to "deter anyone in the future from showing a similar lack of concern with compliance"), *aff'd*, 917 F.2d 327 (7th Cir. 1990); *see Tull v. United States*, 481 U.S. 412, 422–23 (1987) (civil penalty should have a deterrent effect on the violator and others with similar financial resources).

    c.     The Proposed Consent Decree is also substantively fair because the injunctive relief provisions ensure that the temporary and permanent impacts to aquatic resources at the Site resulting from the alleged unauthorized discharges of fill material are offset by the purchase of credits from a mitigation bank or the State of West Virginia's in-lieu fee program.[1]  Proposed Consent Decree ¶ 32. The required purchase of mitigation credits is a necessary step toward CWA compliance and ensuring that LPG does not benefit from the unauthorized discharges, and is required in lieu of removal of the unauthorized fill material from the streams in light of Site conditions. *Id.* ¶ 35. In light of LPG's limited ability to pay, the Proposed Consent Decree allows LPG the option of purchasing those credits over a 15-year period with specified minimum benchmarks. *Id.* ¶ 34. In addition to the purchase of mitigation credits, LPG is obligated under the Proposed Consent Decree to perform on-site enhancement work at one of the affected streams. *Id.* ¶ 36.

    d.     The Proposed Consent Decree requires LPG to immediately cease all unauthorized discharges of stormwater and/or chemical cleaning agents/surfactants. Proposed Consent Decree ¶ 37. LPG must certify to EPA that all areas of the Site have been stabilized, *id.* ¶ 40, and shall not engage in further

---

[1] In-lieu fee programs involve "the restoration, establishment, enhancement, and/or preservation of aquatic resources through funds paid to a governmental or non-profit natural resources management entity to satisfy compensatory mitigation requirements." 40 C.F.R. § 230.92. In coordination with the United States Army Corps of Engineers' Huntington and Pittsburgh Districts, as specified in the 2021 "West Virginia In-Lieu Fee Mitigation Program Instrument," https://dep.wv.gov/WWE/Programs/Documents/WVILF_FinalInstrument.pdf, WVDEP is responsible for oversight, implementation, and fiscal management of the in-lieu fee program in West Virginia.

    earth moving activities at the Site except in accordance with a NPDES permit for discharges associated with construction activity, *id.* ¶ 41. The Proposed Consent Decree requires LPG to comply with its NPDES permit related to industrial activities and discharges of chemical cleaning agents/surfactants, and makes LPG responsible for ensuring its tenants' compliance as well. *Id.* ¶ 42.

e. The Proposed Consent Decree is consistent with the requirements, goals, and purposes of the CWA and the WPCA. The CWA's chief objective is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters," 33 U.S.C. § 1251(a), and the Proposed Consent Decree fulfills that objective by, among other things, enjoining LPG from discharging pollutants into any water of the United States or State except in compliance with the CWA and its implementing regulations and the WPCA. Proposed Consent Decree ¶ 11. As discussed above, the Proposed Consent Decree requires LPG to purchase mitigation credits to offset the violations' impacts to aquatic resources, and to perform specified on-Site stream enhancement work. The Proposed Consent Decree also furthers the CWA's goals by requiring that Defendants pay civil penalties that are consistent with the equitable factors set forth in CWA section 309(d), 33 U.S.C. § 1319(d). For the same reasons, the Proposed Consent Decree is consistent with the WPCA.

f. The Proposed Consent Decree will allow all parties to avoid the significant time and expense associated with litigating their positions, and instead allow LPG to devote its limited resources to mitigating the environmental harm. The Proposed Consent Decree will also preserve the resources of this Court by obviating the

need for litigation. And the Proposed Consent Decree will promote efficiency and preserve other judicial resources by facilitating WVDEP's voluntary dismissal of pending litigation against LPG in West Virginia Circuit Court. Proposed Consent Decree ¶ 90.

6. Pursuant to 28 C.F.R. § 50.7, the United States Department of Justice published notice of the Proposed Consent Decree in the Federal Register on August 10, 2021, and requested public comment for a period of 30 days. *See* Notice of Lodging Proposed Consent Decree, 86 Fed. Reg. 43,679. The 30-day comment period expired on September 9, 2021.

7. Pursuant to W. Va. Code R. § 47-10-16.2.c, the State completed publishing notice of the Proposed Consent Decree in a local newspaper on August 12, 2021, and requested public comment for a period of 30 days. That 30-day comment period has also expired.

8. Under 28 U.S.C. § 50.7(b), the United States reserves the right to withdraw or withhold its consent from a proposed consent decree if public comments "disclose facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate." The Department of Justice did not receive any comments after lodging the Proposed Consent Decree. Accordingly, the United States now seeks entry of Proposed Consent Decree.

9. Under W. Va. Code R. § 47-10-16.2.c, the Director of the WVDEP is required to consider any comments received during the public comment period on a proposed settlement of an enforcement action. Here, WVDEP did not receive any comments, and has determined that entry of the Proposed Consent Decree is in the best interests of the State.

10. LPG has consented to entry of the Proposed Consent Decree following the public comment period. Proposed Consent Decree ¶ 86.

WHEREFORE, the United States and the State respectfully request that the Court sign Page 43 of the attached Consent Decree[2] and enter it as an order of the Court.

Dated: September 28, 2021.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

 /s/ Thomas P. Kolkin
THOMAS P. KOLKIN
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0427
(202) 514-0097 (fax)
thomas.kolkin@usdoj.gov

 /s/ Austin D. Saylor
AUSTIN D. SAYLOR
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20004-7611
(202) 598-7867
(202) 514-8865 (fax)
austin.saylor@usdoj.gov

---

[2] The attached Consent Decree is identical to the version lodged with the Court on August 8, 2021 (ECF No. 10-1), except that it is no longer titled "Proposed."

/s/ Sonya J. Shea
SONYA J. SHEA
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
999 18th Street
South Terrace, Suite 370
(303) 844-7231
(303) 844-1350 (fax)
sonya.shea@usdoj.gov


RANDOLPH J. BERNARD

Acting United States Attorney
Northern District of West Virginia


/s/ Christopher Prezioso
CHRISTOPHER PREZIOSO
WV State Bar No. 9384
Assistant United States Attorney
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
(304) 234-0100

FOR THE STATE OF WEST VIRGINIA, by and through the WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION

KATHY EMERY
Director
Division of Water and Waste Management


/s/ Andrew F. Tarr
ANDREW F. TARR
WV State Bar No. 5033
West Virginia Department of Environmental Protection
Office of Legal Services
601 57th Street SE
Charleston, WV 25304
(304) 926-0460
Drew.F.Tarr@wv.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that the forgoing filing was electronically filed with the Clerk of the Court on September 28, 2021, using the CM/ECF system which will send notification of said filing to the attorneys of record.

*/s/ Christopher Prezioso*
CHRISTOPHER PREZIOSO
WV State Bar No. 9384
Assistant United States Attorney
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
(304) 234-0100
